### GOLDBERG, Admr v HARTZELL GOLDBERGER CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 5, 1934

John Schlarb, Youngstown, for plaintiff in error.

Gold & Gold, for defendant in error.

## OPINION

By LYNCH, J.

Upon this state of facts we think the court was fully justified in directing a verdict in favor of the defendant.

Our attention is called to two Ohio cases by counsel representing the plaintiff. The proposition of law laid down and announced in the Ohio cases thus cited are sound in principle. The difficulty is they do not apply to the facts as admitted in this case.

The first case cited is that of **Thompson**

v **Dorman**, 26 C.C., N.S., 191. I intended to read from that case but will not take time to do so. I do not consider it necessary. I observe, though, with reference to both of those cases that they do not apply to the instant case. In this Thompson case, so cited, the agent himself, not the owner of the property, brought an action to·recover his commission. The case was disposed of on a demurrer. The court held he was required to allege not only that he procured a purchaser, but also that such purchaser was able, ready and willing to make the purchase.

Now, that is an announcement of the familiar doctrine that an agent in order to be entitled to his commission must not only find or produce a purchaser, but must also find a purchaser who is able, ready and willing to make the purchase. That proposition of law is not in this case. As I have indicated or said, in the instant case the plaintiff is seeking to recover the balance of the down payment made to his agent, when he, the seller, prevented the completion of the purchase and sale by his own inability to convey title.

The second Ohio case cited is that of **Pfanz v Humburg et, 82 Oh St, 1.** The contract in that case provided that the agent would be paid for his services at a specific time, to-wit, when the property was sold. The court held in that case that the mere finding of the purchaser was not sufficient in the absence of other facts and circumstances, to entitle the agent to his commission.

And further the court found in that case, which made its decision inevitable, that the agent had not entered into a legal and enforceable contract. Therefore, his claim was not bottomed upon anything and had no basis in fact or in law, and of course he could not recover.

For the reasons stated, the judgment of the court below is affirmed and the petition in error is dismissed at the costs of plaintiff in error. Exceptions noted.

Judgment affirmed.

ROBERTS and SMITH, JJ, concur in the judgment.